```
         THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

                              CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

3FORM HOLDINGS, INC.,           )      Case No. 2:05CV00641 DS

        Plaintiff,              )

    vs.                         )      MEMORANDUM OPINION
                                            AND ORDER
LIVINGLASS, INC., ET AL.,
                                )

        Defendants.             )

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## I.  INTRODUCTION

Defendants Sterling Pacific Manufacturing, Inc. (sued as "Livinglass") and Michael Skura (collectively "Skura") move the court to dismiss this action for, among other reasons, lack of personal jurisdiction over them.

It is alleged in this case that Plaintiff 3form is a Utah corporation with its primary place of business in Salt Lake City and that Skura is a resident of California and a principal of Livinglass, a California corporation. 3form asserts that it is the owner by assignment from CTEK, LLC, a California Limited Liability Company, of certain secret trade technology for making decorative glass for use in architectural design and construction. 3form complains that Skura has misappropriated its trade secrets under the California Uniform Trade Secrets Act and has committed acts of

unfair competition under the California Business and Professions Code.

## II. STANDARD

In deciding a motion to dismiss for lack of jurisdiction the court is guided by the following general principles.

> "The plaintiff bears the burden of establishing personal jurisdiction over the defendant. Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes are resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party."

*Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988)(quoting *Behagen v. Amateur Basketball Ass'n of the United States*, 744 F.2d 731, 733 (10th Cir. 1984)(citations omitted), *cert. denied*, 471 U.S. 1010 (1985).

## III. DISCUSSION

### A. Jurisdiction

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the

Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). In Utah, jurisdiction over nonresident defendants can be either general (doing business concept) or specific (arising out of or related to enumerated activities). *STV Int'l Mktg v. Cannondale Corp.*, 750 F. Supp. 1070, 1073 (D. Utah 1990); *Abbott G.M. Diesel, Inc. v. Piper Aircraft Corp.*, 578 P.2d 850, 853 n.6 (Utah 1978). Plaintiff asserts that the court has specific jurisdiction over Defendants.

### 1. Specific Jurisdiction

In cases asserting specific jurisdiction, the court follows a three step analysis to determine if Utah's long-arm statute, Utah Code Ann. § 78-27-24, extends personal jurisdiction.

> "[T]he evaluation of specific jurisdiction in Utah mandates a three-part inquiry: '(1) the defendant's acts or contacts must implicate Utah under the Utah long-arm statute; (2) a 'nexus' must exist between the plaintiff's claims and the defendant's acts or contacts; and (3) application of the Utah long-arm statute must satisfy the requirements of federal due process.'" *National Petroleum Mkt'g, Inc. v. Phoenix Fuel Co.*, 902 F. Supp. 1459, 1465 (D. Utah 1995)(quoting *Harnischfeger Eng'rs, Inc.*, 883 F. Supp. at 612-13); *see also Far West Capital, Inc.*, 46 F.3d at 1074.

*Soma Med. Int'l v. Standard Chartered Bank,* 196 F.3d 1292, 1297 (10th Cir. 1999).

### a. Defendants' Activities in the Forum State

Utah law requires that a defendant have performed one or more of several enumerated acts within the State of Utah for the long-arm statute to apply.

> Any person . . . whether or not a citizen or resident of this state, who in person or through an agent does any of the following enumerated acts, submits himself, and if an individual, his personal representative, to the jurisdiction of the courts of this state as to any claim arising out of or related to:
>
> 1. the transaction of any business within this state;
>
>    . . .

Utah Code Ann. § 78-27-24. The long-arm statute "should be applied so as to assert jurisdiction over nonresident defendants to the fullest extent permitted by the due process clause of the Fourteenth Amendment to the United States Constitution." Utah Code Ann. § 78-27-22.

### i. transacting business

"The words 'transaction of business within this state' mean activities of a nonresident person, his agents, or representatives in this state which affect persons or businesses within the state of Utah." Utah Code Ann. § 78-27-23(2). 3form alleges that Skura has satisfied the transaction of business standard because he communicated with it in Utah on various occasions in May and June of 2004 via telephone and email. 3form also alleges that Skura traveled to Utah in late May or early June, 2004 and visited its

offices in an effort to license or sell to it Livinglass's product. Although Skura by affidavit disputes these allegations, the court must accept them as true for purposes of the present motion. Because defendant's conduct as alleged has affected persons or businesses within the State of Utah, the Court concludes, for purposes of this motion, that Skura transacted business within the State of Utah as defined by Utah's liberally applied long-arm statute. *See e.g., Harnischfeger Eng'rs, Inc. v. Uniflo Conveyor, Inc.*, 883 F. Supp 608 (D. Utah 1995)(defendant company transacted business by soliciting plaintiff company's business and by sending employees and correspondence to Utah).

### b. The Nexus Requirement

For jurisdiction to lie, there must also be a nexus between Plaintiff's claims and Defendants' contacts with the State of Utah. That is, 3form's claims must arise out of or be related to Skura's transaction of business in Utah. *See STV v. Int'l Mkt'g v. Cannondale Corp.*, 750 F. Supp 1070, 1076 (D. Utah 1990)("[t]he second step in the analysis under Utah's long arm statute is to determine whether plaintiff's claim 'arises out of [or relates to]' defendant's performance of one of the enumerated statutory acts").

That 3form apparently did not have any assigned rights in the trade secret technology at the time Skura allegedly visited Utah

and attempted to market that technology to 3form gives the Court some pause. Nevertheless, based on the facts alleged by 3form and in the absence of persuasive authority to the contrary, it appears to the Court that Plaintiff's claims, alleging misappropriation of trade secrets and unfair competition are related to Skura's transaction of business in Utah. It is alleged that Skura traveled to Utah to market technology he misappropriated from his prior employer and that the very same technology was later assigned to 3form by its owner. Because Skura's alleged actions took place within Utah and relate to 3form's claims, the Court concludes for purposes of the present motion that a nexus exists between Skura's conduct and the claims of the Complaint.

### c. Federal Due Process

The court must also find that the exercise of jurisdiction over Skura comports with the requirements of federal due process.

> A two-part test exists to guide the court in this determination. First, the court must find that certain "'minimum contacts'" exist between the State of Utah and [defendant] . . . . Second, if the court finds that minimum contacts exist, exercising jurisdiction over [defendant] must "not offend 'traditional notions of fair play and substantial justice.'"

*Harnischfeger Eng'rs, Inc. v. Uniflo Conveyor, Inc.*, 883 F. Supp. 608, 614 (D. Utah 1995)(citations omitted).

**___1.  Minimum Contacts**

A federal court sitting in diversity 'may exercise personal jurisdiction over a nonresident defendant only so long as there exists "minimum contacts" between the defendant and the forum State.'" *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995)(quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)).  Those minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State thus invoking the benefits and privileges of its law."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). "The policy behind the 'purposeful availment' requirement is to ensure that the defendant will be subjected to suit only in those instances where he should reasonably anticipate out-of-state litigation." *STV Int'l Mtk'g*, 750 F. Supp. at 1077. The minimum contacts necessary for specific personal jurisdiction are established "'if the defendant has "purposefully directed" his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities.'" *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091 (10th Cir. 1998)(quoting *Burger King*, 471 U.S. at 472).

As discussed earlier, 3form alleges that Skura traveled to Utah on behalf of his newly formed company for the purpose of

convincing 3form to license and manufacture Livinglass products using trade secret technology later assigned to 3form.  It is also alleged that this visit was preceded and followed by related telephone calls to Plaintiff in Utah.  The court concludes that there are sufficient minimum contacts between Skura and the State of Utah to satisfy due process considerations because Skura allegedly directed his activities at a resident of Utah and Plaintiff's claims relate to those actions.

    **b. Fairness Considerations**

Additionally, for federal due process to be satisfied "[t]he defendant's contacts with the forum state must also be such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice.'" *Far West Capital, Inc.*, 46 F.3d at 1074 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Factors to be considered include "'the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies'". *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. at 292).

The court concludes that the assertion of jurisdiction under the facts presented would not be contrary to the notions of fair play and substantial justice. Defendants' alleged contacts with Utah were voluntary and undertaken with a profit motive. Although it can be presumed that it would be more convenient for Defendants to respond to these claims in California, no evidence has been provided that suggests an undue burden upon Defendants by requiring them to litigate in Utah. Similarly, it would appear to be more convenient to Plaintiff to litigate in Utah. Finally, because 3form transacts business here, Utah has an interest in maintaining this action in its forum. *See Nova Mud Corp. v. Fletcher*, 648 F. Supp. 1123, 1127 (D. Utah 1986)("Utah has an interest in seeing that the interests of a business operating with its boundaries are protected").

### B.  Employment Agreement and Non-Disclosure Agreement

Defendants also urge that this case should be dismissed because Skura's prior employment agreement with CTEK mandates that any dispute arising out of that agreement be arbitrated in Los Angeles County, California. 3form was not a party to Skura's employment agreement with CTEK and there has been no evidence that it was assigned to 3form.

Defendants also contend that the Non-Disclosure Agreement between Skura, on behalf of Livinglass, and 3form mandates that any dispute arising out of that agreement be litigated in Los Angeles County as well.  As 3form urges, it appears to the Court that the Non-Disclosure Agreement is immaterial to this action because 3form's claims are based on trade secret technology that has been assigned from CTEK to 3form and not  on any terms of the Non-Disclosure Agreement.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's Complaint is denied.

IT IS SO ORDERED.

DATED this 16th day of November,2005.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT