THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| 3FORM HOLDINGS, INC., | ) Case No. 2:05CV00641 DS |
| Plaintiff, | ) |
| vs. | ) MEMORANDUM OPINION AND ORDER ADDRESSING DEFENDANTS' "MOTION FOR RECONSIDERATION" |
| LIVINGLASS, INC., ET AL., | ) |
| | ) |
| Defendants. | ) |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

### I. INTRODUCTION

On November 16, 2005 the Court issued a Memorandum Opinion and Order denying Defendants' Motion to Dismiss for lack of jurisdiction. Defendants Sterling Pacific Manufacturing, Inc. (sued as "Livinglass") and Michael Skura (collectively "Skura") now have filed a "Motion for Reconsideration" which the Court construes as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e). *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992). Skura contends that because 3form is asserting claims it received through assignment, this diversity action is improper under 28 U.S.C. § 1359. The basis of Skura's present "Motion for Reconsideration" is the contention that the Court failed to address that threshold matter in its prior Memorandum Opinion and Order.

It is alleged in this case that Plaintiff 3form is a Utah corporation with its primary place of business in Salt Lake City and that Skura is a resident of California and a principal of Livinglass, a California corporation. 3form asserts that as of September 1, 2004, it is the owner by assignment from CTEK, LLC, a California Limited Liability Company, of certain secret trade technology for making decorative glass for use in architectural design and construction. CTEK subsequently assigned its alleged claims for trade secret misappropriation against Skura to 3form in an Assignment for Trade Secret Misappropriation dated June 21, 2005 (the "Assignment"). 3form commenced the present litigation on July 29, 2005. 3form complains that Skura has misappropriated its trade secrets under the California Uniform Trade Secrets Act and has committed acts of unfair competition under the California Business and Professions Code.

## DISCUSSION

Skura raised its Section 1359 argument for the first time in its Reply Memorandum filed in support of its Motion to Dismiss. It is generally inappropriate for a court to consider arguments raised for the first time in a reply memorandum. *See, e.g.* DUCivR 7-1(b)(3) ("reply memorandum must be limited to rebuttal of matter raised in the memorandum opposing the motion"). Nevertheless, as Skura correctly notes, jurisdiction may be raised at any stage during the proceedings. Because the Court in

its prior decision did not expressly articulate its analysis, the Court will address Skura's contention that the court lacks jurisdiction under 28 U.S.C. § 1359.

In its Complaint 3form alleges that jurisdiction exists pursuant to 28 U.S.C. § 1332(a) because the matter involves citizens of different states. Skura contends that 3form has manufactured diversity jurisdiction through use of the Assignment, thus depriving this Court of jurisdiction pursuant to 28 U.S.C. § 1359.

Under Section 1359, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. A number of factors are considered in determining whether an assignment is improper or collusive.

> In assessing whether an assignment is improper or collusive, courts consider, among other things, "the assignee's lack of a previous connection with the claim assigned; the remittance by the assignee to the assignor of any recovery; whether the assignor actually controls the conduct of the litigation; the timing of the assignment; the lack of any meaningful consideration for the assignment; and the underlying purpose of the assignment." No single factor is dispositive.

*Deajess Medical Imaging, P.C. v. Allstate Ins. Co.*, 344 F. Supp. 2d 907, 910 (S.D. N.Y. 2004)(citations omitted); *Attorneys Trust*

*v. Videotape Computer Products, Inc.* 93 F.3d 593, 595-96 (9th Cir. 1996)(same or similar).

Skura claims that assignment of the cause of action to 3form was improper and collusive because it was without consideration, it was only a partial assignment, and because the motive for obtaining the assignment was improper. The Assignment, however, on its face states that "in consideration of the above premises and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, CTEK hereby assigns to 3form all claims ...". Skura's position to the contrary is conclusory and without factual support. Similarly, the face of the Assignment also reflects, as 3form contends, that the assignment of this claim was total, not partial, inasmuch as CTEK has no right to any recovery that might result from the trade secret misappropriation claim. Likewise, the Assignment on its face reflects that 3form "shall have the right to make all decisions regarding any litigation ... and to make any settlement it deems appropriate. ... [and] shall be entitled to all judgments, awards and/or settlements ...." As to a valid business purpose for the assignment, 3form asserts that Skura's misappropriation of the trade secret technology it acquired from CTEK along with Skura's illegal competition necessitated the assignment so 3form could protect its investment in this technology.

Skura's reliance on *Prudential Oil Corp. v. Phillips Petroleum Co.*, 546 F.2d 469 (2d Cir. 1976), for the proposition that a presumption of collusiveness exists in this case, is misplaced given the facts as alleged. *See Prudential Oil Corp.*, 546 F.2d at 476 ("where it is shown that a non-diverse parent corporation has assigned a claim to its wholly owned diverse subsidiary engaged in no business other than the prosecution of that claim, the assignment must be treated as presumptively improper and as having been undertaken for the purpose of attempting to manufacture diversity jurisdiction").

In sum, the Court finds that based on the present record, 3form has made a prima facie showing that jurisdiction exists. *See Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)("[w]here, as in the present case, there has been no evidentiary hearing, and the motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written material, the plaintiff need only make a prima facie showing that jurisdiction exists"). Skura's request for an evidentiary hearing is denied. The Court is of the opinion that discovery should proceed. If facts supporting Skura's position are uncovered, it may renew its motion to dismiss. Hardship to Skura's, if any, is minimal in the Court's opinion, regardless of whether this case proceeds in Utah or California. *See Serras v. First Tennessee Bank Nat'l Assoc.*, 875 F.2d 1212, 1214 (6th

Cir. 1989)(citations omitted)("'As there is no statutory direction for procedure upon an issue of jurisdiction, the mode of its determination is left to the trial court.' ... If it decides that the motion can be ruled on before trial, the court 'may determine the motion on the basis of affidavits alone; or it may permit discovery in aid of the motion; or it may conduct an evidentiary hearing on the merits of the motion'").

## CONCLUSION

Having considered Skura's Motion to Reconsider, which the Court treats as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), the Court finds no basis in law or fact to alter or amend its Memorandum Decision denying Skura's Motion to Dismiss.

IT IS SO ORDERED.

DATED this __2nd__ day of __February__, 2006.

BY THE COURT:

_____
DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT